IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANET HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. |
| | ) | |
| BANK OF AMERICA, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, Defendant Bank of America, N.A., [1] (hereinafter "BANA" or "Defendant") by and through its counsel, McGuireWoods LLP, hereby removes this action from the Superior Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. Removal is based on diversity jurisdiction, as Plaintiff and Defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000. In support of its notice, Defendant states as follows:

[1] Plaintiff asserts a claim against "Bank of America, Inc." Defendant is not aware of this entity. It is assumed the claim was intended to be asserted against Bank of America, N.A. and Defendant responds as such.

## I. Background.

1. This case was originally filed by Plaintiff Janet Hill in the Superior Court of Fulton County, Georgia, on July 29, 2011. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders upon this Defendant are attached as Exhibit A.

2. Defendant received a copy of the initial pleadings captioned "Complaint" on August 9, 2011.

3. Among other things, the Complaint alleges that Defendant engaged in breach of contract and deceptive trade practices.

## II. This Notice of Removal is Timely Filed and Venue is Proper.

4. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

5. The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days following the date of service on Defendant – August 9, 2011.

6. The United States District Court for the Northern District of Georgia is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

**III. This Court Has Diversity Jurisdiction.**

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant have complete diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Complete diversity of citizenship exists between Plaintiff and Defendant. Plaintiff is a resident of Fulton County, Georgia. See Complaint, at ¶ 1. Defendant Bank of America, N.A. is, and was at the time of the filing of the Notice of Removal, a national banking association with its main office, as set forth in its articles of association, in North Carolina. Therefore, Bank of America, N.A is a citizen of North Carolina. See Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); see also Hill v. Bank of America Corp., No. 06-cv-804GE, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006) ("Bank of America, N.A. . . . . is a national banking association located in the State of North Carolina, as designated in its articles of association."); see also 28 U.S.C. § 1348 (stating that the Court has original jurisdiction over matters against a national banking association). As such, there is complete diversity between all parties.

9. Plaintiff's Complaint notes the mortgage loan in question was in the amount of $464,000 at the time it was obtained. She further notes the default amount being sought by the Defendant is $511,000. Plaintiff also seeks damages including an amount to be awarded by a jury, and any other relief the Court deems proper. See Complaint, at ¶¶ 3, 11, prayer for relief. It appears Plaintiff also seeks to retain the property and cease the foreclosure action. Compl. in general. Consequently, the amount in controversy requirement for diversity jurisdiction is easily satisfied on the face of the Complaint.

10. In sum, this Court has original jurisdiction in this action under 28 U.S.C. § 1332 because (i) complete diversity of citizenship between the parties exists, and (ii) an amount in excess of the $75,000 jurisdictional threshold is at issue. Accordingly, as the state court lawsuit is pending in the Superior Court of Fulton County, Georgia, Defendant is entitled, pursuant to 28 U.S.C. § 1441(a) to remove this action to the United States District Court for the Northern District of Georgia, Atlanta Division.

11. Concurrently with this Notice of Removal, Defendant will file a copy of this Notice with the Superior Court of Fulton County, Georgia.

WHEREFORE, Defendant files this Notice of Removal and removes the civil action to the United States District Court for the Northern District of Georgia.

This 7th day of September, 2011.

/s/ Andrew G. Phillips

Andrew G. Phillips
Georgia Bar No. 575627
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5724 (telephone)
(404) 443-5773 (facsimile)
aphillips@mcguirewoods.com

*Attorney for Defendant Bank of America, N.A.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANET HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. |
| | ) | |
| BANK OF AMERICA, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE, FONT AND MARGIN**

I hereby certify that on September 7, 2011, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF System and served a true and correct copy of same on counsel for Plaintiff via First-Class Mail, postage prepaid, addressed to:

Greg T. Bailey
Greg. T. Bailey & Associates
5682 Palazzo Way
Suite 1
Douglasville, Georgia 30134

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

/s/ Andrew G. Phillips
Andrew G. Phillips