IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANET HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:11-CV-02991-JOF |
| | ) | |
| BANK OF AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT BANK OF AMERICA, N.A.'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Bank of America, N.A.,[1] (hereinafter "BANA" or "Defendant") by and through its counsel, McGuireWoods LLP, respectfully moves the Court to dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6), for failing to state a claim upon which relief may be granted, and Rule 8(a), for failing to provide a short, plain statement of the claim and failure to show that Plaintiff is entitled to any relief. In support thereof, Defendant provides the following memorandum of points and authorities.

[1] Plaintiff asserts a claim against "Bank of America, Inc." Defendant is not aware of this entity. It is assumed the claim was intended to be asserted against Bank of America, N.A. and Defendant responds as such.

## FACTUAL BACKGROUND

Janet Hill, ("Plaintiff") alleges she obtained a mortgage loan from Country Wide Home Loan on or about October 5, 2005. Compl. ¶ 3. Plaintiff alleges that, at some point, she became aware of a program she describes as the "Making Home Affordable Program" which appears to be the Home Affordable Modification Program or "HAMP" based on Plaintiff's subsequent allegations in the Complaint. Id. Plaintiff alleges that in order qualify for this program borrowers must be delinquent in their mortgage payments and provide the required application and documents to the servicer. Once approved, the borrower would receive a modification of their loan reducing the monthly payments. Plaintiff alleges she applied for this program but BANA lost or misplaced her documentation. Compl. ¶¶ 3-4. Plaintiff alleges that after submitting the documentation and completing the application process she was offered a modification, but the modification would have increased her payments rather than decrease them. Compl. ¶ 4.

Plaintiff further alleges she submitted a Qualified Written Request ("Q.W.R.") which was not properly resolved. Compl. ¶ 5. Plaintiff fails to identify to whom this Q.W.R. was submitted or the exact nature of the alleged insufficiency of the response. Id. Plaintiff then alleges she made multiple applications and appeals related to loan modifications. Compl. ¶¶ 6-9. Plaintiff

admits she confirmed the default amount of the loan was $511,000 on May 3, 2011, and she was notified foreclosure was anticipated. Compl. ¶ 11. Plaintiff contends that on May 9, 2011, she was informed that her loan modification application was in its final stage of processing. Compl. ¶ 12.

Plaintiff admits receiving notice of the foreclosure sale on May 12, 2011. She alleges she received notice that her loan modification status was "waiting for Trial Payment." Compl. ¶ 13. The Complaint purports to have the letter attached as an exhibit, but the copy served on BANA does not contain the same. Plaintiff also alleges she received notice of a pending foreclosure in March 2010 (sic) but that BANA assured her that no foreclosure would take place while the modification application was pending. Compl. ¶ 14.

Plaintiff summarily alleges BANA accepted Plaintiff's offer to modify the loan when she submitted her application and had an obligation to guide Plaintiff through the process. Plaintiff further alleges BANA breached this contract by instructing her not to make her mortgage payments in December and January. Compl. ¶ 15.

Plaintiff further alleges BANA's refusal to honor "promises" made by employees related to approval of loan modifications and referral of the modification to underwriting, bargaining in bad faith and using a "two-tier policy",

losing paperwork related to the loan modification and failing to timely respond to Plaintiff are unfair and deceptive trade practices. Compl. ¶ 16-21.

## INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES

### I. STANDARD OF REVIEW

Federal Rules of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." In ruling on the pending motion to dismiss, all of the well-pleaded factual allegations in Plaintiff's Complaint must be accepted as true and construed in the light most favorable to Plaintiff. Young Apartments. Inc. v. Town of Jupiter, Fla., 529 F.3d 1027, 1037 (11th Cir. 2008). However, "unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Bell Atl. Corp. v. Twombly, 550 U, S. 544, 555 (2007) (citations and quotations omitted). More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct.

1937, 1949 (2009) (quotation omitted). To survive a Rule 12(b)(6) motion, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" United Techs. Corp. v. Mazer, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting Twombly, 550 U.S. at 555).

In Twombly and Iqbal, the Supreme Court held that a complaint fails to state a claim where it fails to comply with the pleading requirements of Federal Rules of Civil Procedure Rule 8(a). Twombly, 550 U.S. at 127 (2007); Iqbal, 129 S. Ct. 1937, 1949 (2009). Pursuant to Rule 8, in order to state a claim for relief, a pleading must contain:

> 1. A short and plain statement of the grounds upon which the court's jurisdiction depends;
> 2. A short and plain statement of the claim showing that the pleader is entitled to relief; and
> 3. A demand for the relief sought, which may include relief in the alternative or different types of relief.

See Fed.R.Civ.P. 8(a); Fed.R.Civ.P. Rule 12(e). Pleading deficiencies that warrant dismissal include (1) "confused and rambling narrative of charges and conclusions," (2) "untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," and (3) failing to allege "with even modest particularity the dates and places of the alleged transactions." Poblete v. Goldberg, 680 F. Supp. 2d

18 (D.D.C. Dec. 29, 2009) (dismissing with prejudice complaint where complaint comprised of confusing legal theories and insufficient factual pleadings).

## II. ARGUMENT AND CITATION TO AUTHORITY

### A. Plaintiff's Complaint Fails to Provide Sufficient Information under Fed.R.C.P. 8(a).

Plaintiff's Complaint is comprised almost exclusively of irrelevant factual allegations and purported legal conclusions that do not identify the alleged activity that forms the basis for Plaintiff's claims. It is an impermissible shotgun pleading that should be dismissed with prejudice.

The Eleventh Circuit has condemned shotgun pleadings "upwards of fifty times." See, e.g., Davis v. Coca-Cola Bottling Co., 516 F.3d 955, 979 n.54 (11th Cir. 2008). "[S]hotgun complaints" are those in which "any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). The defining characteristic of a shotgun complaint is that it fails "to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." Beckwith v. Bellsouth Telecomms., Inc., 146 Fed. App. 368, 371 (11th Cir. 2005); see also Strategic Income Fund v. Spear, Leeds & Kellogg, 305 F.3d 1293, 1295 n.9 (11th Cir. 2002) (describing a shotgun complaint as one that "contains several counts, each one incorporating by reference the allegations of its predecessors, . . .

[causing the counts to] contain irrelevant factual allegations and legal conclusions").

Plaintiff's Complaint contains no delineation of the first cause of action, rather there is a statement of the facts followed by a second cause of action. Rather than identify factual matter that supports each claim for each count, a list of rambling facts is given, interspersed with blank sections, then summary statements are made asserting the right to damages. See Compl. generally. Defendant is left to attempt to determine the first cause of action based on the unsupported allegations, and try to determine the basis of the claim for which Plaintiff asserts a claim for relief for the second cause of action. In addition, to the extent that the Complaint identifies any recognizable allegations at all, those allegations are entirely conclusory. For example, Plaintiff alleges "Defendant is engaged in deliberate deceptive trade practice that violates (sic) the state of Georgia statutes" but Plaintiff fails to cite any legal authority within the Complaint to identify the statutes allegedly violated. Compl. ¶ 20. These gross generalizations are meaningless without specific facts to support them.

In short, Plaintiff's scattershot allegations fail to identify with particularity what conduct is alleged to give rise to a cause of action, and the legal basis for the alleged right to recovery. For all of these reasons, Plaintiff fails to "identify claims

with sufficient clarity to enable the defendant to frame a responsive pleading." See Beckwith, 146 Fed. App. at 371. Plaintiff's Complaint is a shotgun pleading, and it should be dismissed with prejudice on that basis alone.

## III. PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE EACH LEGAL THEORY FAILS AS A MATTER OF LAW.

Although Plaintiff's Complaint should be dismissed for the foregoing reasons alone, each of Plaintiff's specific legal "Counts" also fails as a matter of law. While the structure and content of Plaintiff's Complaint renders it difficult to divine precisely what legal theories Plaintiff are pursuing, those that can be roughed out are clearly erroneous or improperly pled and subject to dismissal as a matter of law for failure to state a cognizable claim.

### A. Plaintiff fails to state a claim for Breach of Contract

While the Compliant fails to identify a first cause of action, it appears that the Plaintiff alleges Defendant breached a contract to modify her loan. Compl. ¶ 15. Plaintiff states the offer made by Plaintiff to modify the loan was accepted by BANA when she submitted her application and by advising her to not pay her mortgage during this process, BANA breached this contract.

Plaintiff's claim that Defendant orally entered into a contract related to the mortgage is simply untenable. Pursuant to Georgia law, the Statute of Frauds requires a signed writing for "any commitment to lend money." *Stedry v. Summit*

*Nat'l Bank*, 227 Ga App. 511, 514, 489 S.E.2d 862 (1997); O.C.G.A. § 13-5-30(7). Accordingly, Plaintiff's claim for breach of an oral agreement to modify a loan is barred by the Statute of Frauds. Plaintiff fails to allege the existence of any written agreement to modify the loan. On these grounds alone, Plaintiff's claim should be dismissed with prejudice. Moreover, to the extent Plaintiff bases her claim on alleged verbal misrepresentations or false statements made by Defendant, the Statute of Frauds would bar any claim in contract or tort based on its alleged verbal representations about future loan terms.

**B. Plaintiff fails to state a claim for Breach of the Implied Covenant of Good Faith a Fair Dealing**

In the complaint, Plaintiff appears to allege BANA had a duty to guide Plaintiff through the modification process. Compl. ¶ 15. While not specifically outlined, it appears Plaintiff may be alleging a breach of the implied covenant of good faith and fair dealing. In an abundance of caution, Defendant responds to the vague allegation and notes Plaintiff fails to state a claim for breach of the implied covenant of good faith and fair dealing contained in the Security Deed or through any alleged "contract" to modify the loan. Compl. ¶¶ 15, 18. In Georgia, it is well established that "[e]very contract implies a covenant of good faith and fair dealing in the contract's performance and enforcement," but "[t]he law is clear that there exists no independent cause of action for breach of good faith and fair dealing

outside of a claim for breach of contract." Cone Fin. Group, Inc. v. Emplrs Ins. Co., 2010 U.S. Dist. LEXIS 82820 at *4-5 (M.D. Ga. 2010) (emphasis added). Plaintiff appears to allege only a breach of an oral contract to modify the loan, which as noted above does not qualify as a valid contract under Georgia law. Compl. ¶¶ 15, 18. At no point does Plaintiff allege that Defendant breached an express term of the Security Deed and, without a breach of a specific provision, there can be no independent claim that Defendant breached the implied covenant of good faith and fair dealing. Cone Fin. Group, at *4-5. As such, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing must be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**C. Plaintiff's Claim for "Deceptive Trade Practices" (Count Two) Fails**

Plaintiff alleges BANA engaged in deceptive trade practices in violation of "state of Georgia statutes." Compl. ¶ 20. Plaintiff does not provide a citation to an alleged statute, and Defendant is unable to locate a federal or Georgia law by that name. Without specific factual allegations and reference to specific statutes claimed to have been violated by Defendant, Plaintiff fails to "identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." See Beckwith, 146 Fed. App. at 371. As such, Plaintiff's claim for deceptive trade practices should be dismissed with prejudice.

To the extent that Plaintiff may have intended to claim violations of the Georgia Fair Business Practices Act ("GFBPA") courts have held that "the GFBPA does not apply to residential mortgage transactions." Zinn v. GMAC Mortg., 2006 U.S. Dist. LEXIS 8202 at *11 (2006).

## CONCLUSION

WHEREFORE, for the above and foregoing reasons, this Court should grant Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) and Rule 8(a), for failing to state a claim upon which relief may be granted; and for such other and further relief as the Court deems equitable and appropriate under the circumstances.

This 14th day of September, 2011.

/s/ Andrew G. Phillips
Andrew G. Phillips
Georgia Bar No. 575627
McGuireWoods LLP
1230 Peachtree Street, N.E.
Promenade II, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5724 (telephone)
(404) 443-5773 (facsimile)
aphillips@mcguirewoods.com

*Attorneys for Defendant Bank of America, N.A.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANET HILL,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE<br>NO. 1:11-CV-02991-JOF |

**CERTIFICATE OF SERVICE, FONT AND MARGIN**

I hereby certify that on September 14, 2011, I electronically filed the foregoing *Memorandum of Law in Support of Motion to Dismiss* with the Clerk of the Court using the CM/ECF System, which sent notification of such filing to all counsel of record.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

/s/ Andrew G. Phillips
Andrew G. Phillips