**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JANET HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. 1-11-cv-02991-JOF |
| | ) | |
| BANK OF AMERICA, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW Plaintiff Janet Hill, by and through her counsel of record, and files her opposition to Defendant's motion to dismiss.

**INTRODUCTION**

Defendant has moved this Court to dismiss Plaintiff's complaint for failing to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6) and for failing to provide a short, plain statement of the claim and failing to show that she is entitled to any relief, pursuant to Rule 8.

However, as will be set forth below, the Defendant's motion is completely without merit and must be denied.

## I. STATEMENT OF FACTS

Plaintiff obtained a mortgage loan from Countrywide Home Loan on or about October 5, 2005 in the amount of $464,000.00. The loan was subsequently sold to Bank of America (the Defendant). In early 2009, the Defendant was made aware of a federal mortgage relief program called Making Home Affordable Program. This federal program was offered through her loan servicer BOA and was to be operated with certain criteria. Moreover, the Plaintiff found out that the Defendant received more than $25 Billion dollars for participating in the program administered by the Department of Treasury and Fannie Mae. Plaintiff completed the application as the Defendant instructed and sent it in. Defendant stated that they lost the documents. Plaintiff resubmitted the application. On October 18, 2010, Plaintiff received a letter from Defendant which stated, *inter alia*, "thank you for participating in our loan modification process." Plaintiff called for months and never received a response. In February, 2011 Plaintiff submitted a second application for loan modification which she sent back to Defendant via fax, email and overnight mail. On March 3, 2011 Plaintiff received notice that her application was denied. The reason for the denial was not listed in the notice nor was it communicated to Plaintiff verbally. After receiving the notice of denial, sometime in March, 2011 Plaintiff filed an appeal. She subsequently re-sent all documents via fax, email, and overnight mail. This is now the seventh copy of the application submitted, to a

specific individual via email and fax, as well as BAC prepaid envelope and a BAC dedicated fax number. Thereafter, the Defendant pursued a dual course of action by seeking to modify Plaintiff's loan and stalling the Plaintiff, while at the same time seeking to foreclose upon the Plaintiff. Plaintiff wrote the Defendant's attorney and received no response despite accusing Defendant of deceptive trade practices and outlining the record.

## II. ARGUMENT AND CITATION OF AUTHORITY

1. Standard of Review

"It is the right and duty of a plaintiff initiating a case to file a 'short and plain statement of the claim.'"

"A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. It is viewed with disfavor and rarely granted." Jordan v. TransUnion LLC, 377 F.Supp.2d 1307, 1308 (N.D.Ga. 2005), citing Int'l Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service, 400 F.2d 465, 471 (5th Cir. 1968). The court in Jordan continues with its standard of review by stating that "[a] complaint should not be dismissed for failure to state a claim unless the plaintiff can prove no set of facts entitling him to relief," citing Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) and Pataula Electric Membership Corp. v. Whitworth, 951 F.2d 1238, 1240 (11th Cir. 1992).

"The court is to presume true all of the complaint's allegations and make all reasonable inferences in favor of the plaintiff." Jordan, *supra*, citing Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993). As is demonstrated herein, Plaintiff's complaint sufficiently alleges facts, that can be proven, and which would overcome the Defendant's claim that Plaintiff fails to state a claim upon which relief can be granted. Therefore, Defendant's motion to dismiss must be denied.

For the purposes of a motion to dismiss, the Court must "review a motion to dismiss for failure to state a claim *de novo* … [and] must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." Secretary of Labor v. Labbe, 110408 FED11, 08-12120 (11th Cir. 2008)(citations omitted, not published). The court in Secretary continues by stating that "[t]he rule does not impose a probability requirement at the pleading stage, but instead simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary element." (citations and internal quotations omitted.)

Because Plaintiff has alleged facts sufficient to meet the threshold pleading requirements of Fed.R.Civ.Proc. 8, Defendant's motion to dismiss should be denied. Should the Court believe that such facts are not sufficiently or adequately pled, Plaintiff should be granted leave to amend her Complaint.

2. Plaintiff Has Properly Alleged Injury

As noted above, Rule 8 requires that a complaint only set forth an allegation of injury. Plaintiff's Complaint specifically alleges that Defendant's willful and intentional failure to perform as promised, and Defendant's pattern and practice of deceptive conduct is actionable under the Georgia Deceptive Trade Practices Act ("DTPA") pursuant to O.C.G.A. §10-1-371 et seq. Pursuant to O.C.G.A. § 10-1-372(b), in order to prevail in an action under this part, a complainant need not prove competition between the parties or actual confusion or misunderstanding. Pleadings are to "be construed so as to do substantial justice." Skelton v. Skelton, 251 Ga. 631, 633, 308 S.E.2d 838 (1983). Thus Plaintiff's Complaint is adequately pleaded, in order to do substantial justice – there is no doubt as to the injury Plaintiff is alleging. "A single instance of an unfair or deceptive act or practice is a sufficient predicate upon which to base a claim for damages." Catrett v. Landmark Dodge, Inc., 253 Ga. App. 639, 642, 560 S.E.2d 101 (Ga. App., 2002).

Consequently, the Supreme Court does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Speaker v. U.S. Dept. of Health, 623 F.3d 1371, 1380 (11th Cir., 2010) (citing, Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Further, "[t]he Supreme Court explained that a complaint

does not need detailed factual allegations, but the allegations must be enough to raise a right to relief above the speculative level." Subsequently, the Supreme Court "clarified that a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (emphasis omitted).

Based on this standard of review, Defendant's motion to dismiss should be denied.

## III. CONCLUSION

WHEREFORE, Plaintiff prays that this Honorable Court:

(1) Grant leave for her to amend her Complaint, in order to more artfully plead the allegations;

(2) Deny Defendant's motion to dismiss;

(3) Order Defendant's to pay the reasonable attorney's fees of Plaintiff; and

(4) Provide such other and further relief to Plaintiff as the Court may deem necessary and appropriate.

This 7th day of October, 2011.

Respectfully submitted,

/s/Greg Bailey
Gregory T. Bailey

Georgia Bar No.  032075
Attorney for Plaintiff

Greg T. Bailey & Associates
5682 Palazzo Way, Suite 101
Douglasville, Georgia  30134
Telephone: 404-397-1975 ext. 1100
Personal Fax: 404-755-1945
Email:  attygregtbailey@msn.com

**CERTIFICATE OF FONT TYPE, SIZE AND SERVICE**

This is to certify that I have this date presented this document in Times New Roman, 14 point type in accordance with L.R. 5.1(C), and that I electronically filed the document with the Clerk of Court using the CM/ECF system.

This 7th day of October, 2011.

/s/Greg Bailey
Gregory T. Bailey
Georgia Bar No. 032075
Attorney for Plaintiff

Greg T. Bailey & Associates
5682 Palazzo Way, Suite 101
Douglasville, Georgia 30134
Telephone: 404-397-1975 ext. 1100
Personal Fax: 404-755-1945
Email: attygregtbailey@msn.com