**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **JANET HILL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **v.** | ) | **No. 1-11-cv-02991-JOF** |
| | ) | |
| **BANK OF AMERICA, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER AMENDED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Plaintiff moves this Court for the entry of an Order, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, granting Plaintiff leave to file her first amended complaint. A scheduling order governed by Fed. R. Civ. P. 16 would normally contemplate the deadlines for which the parties may amend pleadings; however, the parties have not engaged in a pretrial conference; therefore, the Court has not issued a scheduling order at this time.[1]

Because the parties have not engaged in discovery and Plaintiff's previous filing erroneously attached Exhibit A, Amended Complaint in the incorrect area of the CM/ECF system, Defendant will not be prejudiced in any way with the filing

[1] Defendant filed a motion to stay pretrial deadlines and discovery (Document 3) on 9/20/2011, and an Order (Document 4) granting the stay was filed on 9/26/2011. See Docket Report attached as Exhibit B.

of Plaintiff's amended complaint.

## I. STANDARD OF REVIEW

The Court's denial of a motion to amend is reviewed for abuse of discretion. "A district court's discretion to dismiss a complaint without leave to amend is severely restricted by Fed. R. Civ. P. 15(a), which directs that leave to amend shall be freely given when justice so requires." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (citation omitted). Thus, "a plaintiff must be given at least one chance to amend the complaint." Id.

For this reason, Plaintiff respectfully requests that the Court grant her leave to amend her complaint.

## II. ARGUMENT AND CITATION OF AUTHORITY

Defendant cannot complain that the proposed amendment is untimely or unduly delayed. Defendants filed a motion to dismiss in lieu of an answer then filed a motion to stay pretrial deadlines and discovery. Because the Court has not issued a scheduling order, this motion for leave to amend is timely. Plaintiff is not requesting leave to amend to unduly delay this matter, in bad faith, or for any other dilatory motive. Plaintiff's request for leave to amend her complaint is being filed as a matter of course. See Id.

As the Court examines the nature of the proposed amendment, the Court

must accept the factual allegations as true. Ashcroft v. Iqbal, 556 U.S. ---, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The complaint must contain "only enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). In fact, Twombly states that the complaint "does not need detailed factual allegations." 550 U.S. at 555, 127 S.Ct. at 164. To require any more than this, would require Plaintiff to include actual evidence in her complaint.

There is no basis for the Defendant to assert it is unduly prejudiced by the proposed amendment. If there are any new allegations and claims in the amended complaint, they arise directly from the facts alleged and claims asserted in the original complaint. Defendant has had full and fair notice of the nature of Plaintiff's claims and the grounds upon which these claims rest.

Finally, there is no colorable argument that Plaintiff's proposed amendments are futile. The amended complaint contains a short and plain statement of facts underlying the Plaintiff's claim, Fed. R. Civ. P. 8, and properly requests damages and a jury trial.

## III. CONCLUSION

For all of the above reasons, Plaintiff respectfully requests that the Court (1) grant her leave to amend her complaint, and (2) consider the amendment attached

hereto as Exhibit A to be filed.

This 1st day of November, 2011.

Respectfully submitted,

/s/Greg Bailey

Gregory T. Bailey
Georgia Bar No. 032075
Attorney for Plaintiff

Greg T. Bailey & Associates
5682 Palazzo Way, Suite 101
Douglasville, Georgia 30134
Telephone: 404-397-1975 ext. 1100
Personal Fax: 404-755-1945
Email: attygregtbailey@msn.com

**CERTIFICATE OF FONT TYPE, SIZE AND SERVICE**

This is to certify that I have this date presented this document in Times New Roman, 14 point type in accordance with L.R. 5.1(C), and that I electronically filed the document with the Clerk of Court using the CM/ECF system.

This 1st day of November, 2011.

/s/Greg Bailey
Gregory T. Bailey
Georgia Bar No. 032075
Attorney for Plaintiff

Greg T. Bailey & Associates
5682 Palazzo Way, Suite 101
Douglasville, Georgia 30134
Telephone: 404-397-1975 ext. 1100
Personal Fax: 404-755-1945
Email: attygregtbailey@msn.com