IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANET HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:11-CV-02991-JOF |
| | ) | |
| BANK OF AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT BANK OF AMERICA, N.A.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

COMES NOW, Defendant Bank of America, N.A. ("Defendant"), and respectfully submits this Response in Opposition to Plaintiff's Amended Motion for Leave to File Amended Complaint ("Opposition to Amendment"). In support of this Opposition to Amendment, Defendant states the following:

Pursuant to Federal Rules of Civil Procedure 15(a)(2) and the corresponding local rule, a party must seek leave of the Court to amend the complaint after 21 days has passed after service of the responsive pleading. In this case, that period has passed and Plaintiff now seeks the Court's permission to amend. While leave to amend should be freely given, the futility of an amendment is justification for a dismissal with prejudice. *See Carvel v. Godley*, 2010 U.S. App. LEXIS 24763, *4

(11th Cir. December 2, 2010) (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)). In addition, if there is undue prejudice to defendants caused by the amendment, this is also grounds to prevent amendment. *Paschal v. Florida Public Employees Relations Com.*, 666 F.2d 1381, 1384, 1982 U.S. App. LEXIS 22216 at 6-7 (11th Cir. 1982). Further, the purpose of the rule is "to enable a party to assert matters that were overlooked or were unknown at the time he interposed the original complaint . . ." *Cameron v. Peach County*, 2003 U.S. Dist. LEXIS 28078 at 11 (M.D.Ga. August 11, 2003) quoting 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1473, at 520 (2d ed. 1990).

Plaintiff's motion to amend the complaint claims that Defendant would not be prejudiced thereby based on the lack of discovery and stay of pre-trial deadlines to date. Further, Plaintiff claims the amended complaint would merely "conform to the evidence and better assist the Court in making a just and fair decision in this matter." If the allegations merely expand on the claims made in the Complaint, this amendment should fail for two reasons. First, the purpose of leave to amend is to add new information not known at the time of filing the Complaint. Clearly, Plaintiff admits this information was in her possession at the time of filing the Complaint. Second, if the allegations are the same as the prior Complaint, adding the same would be futile since the Complaint fails to state a claim upon which

relief can be granted as required by Federal Rules of Civil Procedure 8(a) and 12(b)(6). *See Motion to Dismiss* filed by Defendant on September 14, 2011.

## I. Plaintiff Improperly Attempts to Join Parties to the Action

In this case, Plaintiff is attempting to add additional defendants to the lawsuit simply by amending the Complaint. However, in order add parties to a lawsuit, a party must file a motion under either Rule 19 or 20 of the Federal Rules of Civil Procedure. Plaintiff now attempts to add Bank of America Corporation; ReconTrust Company, N.A., BAC Home Loans Servicing, LP; Countrywide Financial Corporation; Countrywide Home Loans, Inc., Full Spectrum Lending, Inc., and Countrywide Home Loans Servicing, L.P. Plaintiff has failed to properly request the addition of these parties under the Federal Rules of Civil Procedure.

Further, Plaintiff asserts all the parties engaged in the one remaining cause of action, an alleged violation of the Georgia Deceptive Trade Practices Act ("GDTPA"). However, the entire proposed Amended Complaint fails to specify any alleged actions of the individual defendants and merely groups them together despite the Plaintiff's acknowledgement that each was limited in their role related to the home loan. Plaintiff's proposed Amended Complaint fails to plead with the required specificity under the notice pleading requirement of Federal Rules of Civil Procedure 8(a). The Defendants cannot formulate a response, because Plaintiff

fails to note which actor allegedly engaged in the wrongful conduct. Further, Plaintiff had knowledge of the other parties they now seek to join at the time of filing the initial Complaint. Plaintiff failed to properly name these parties and now seeks to amend the Complaint, rather than follow the proper procedure for joinder of the additional parties.

## II. Plaintiff's Allegations under the Georgia Deceptive Trade Practices Act Fail as a Matter of Law, therefore, the Amendment of the Complaint would be Futile.

Plaintiff's Amended Complaint fails to allege sufficient facts to support a claim under the Georgia Deceptive Trade Practices Act ("GDTPA"). Plaintiff's Amended Complaint does nothing more than list a number of facts related to the servicing of her loan and alleges that Defendant willfully and intentionally failed to perform as promised. Plaintiff fails to assert how the facts alleged in the Complaint support the elements of a claim under the GDTPA.

Additionally, the "Eleventh Circuit Court of Appeals has interpreted GDTPA as having commercial, rather than consumer, application." *Johnston Indus. Ala., Inc. v. Nat'l Contract Assocs. (In re Johnston Indus.)*, 300 B.R. 821, 824 (Bankr. M.D. Ga. 2003) (citing *Kason Indus. v. Component Hardware Group*, 120 F.3d 1199 (11th Cir. Ga. 1997) (*Kason* contains an in-depth analysis of the differences between the Georgia Fair Business Practices Act and the UDTPA).

Therefore, as a consumer, Plaintiff does not have a claim under the GDTPA and it must be dismissed. *See also* Defendants' Motion to Dismiss and Memorandum of Law in Support, Docket Entry 2, and Reply to Response to Motion to Dismiss, Docket Entry 11, noting Plaintiff waived all claims except under the GDTPA and providing additional grounds for the futility of Plaintiff's allegations.

### III. Plaintiff's Allegations of Improper Assignment of the Note Also Fail as a Matter of Law, and Amendment would be Futile.

Plaintiff asserts that the assignment of the mortgage under the PSA occurred after the closure date for the PSA, and as such, the assignment is invalid. However, Plaintiff lacks standing to assert this claim. A party must assert his own legal rights and interests and not rest his claim on the legal rights or interests of third parties. *Warth v. Seldin*, 422 U.S. 490, 499 (1975)("even when the plaintiff generally has alleged injury sufficient to meet the 'case or controversy' requirement . . . a plaintiff generally must assert *his own legal rights and interests*, and cannot rest his claim to relief on the legal rights or interests of third parties."). This prudential standing consideration serves to ensure that the party with the "appropriate incentive" to raise a challenge (or to choose not to) does so with "the necessary zeal and appropriate presentation." *Kowalski v. Tesmer*, 543 U.S. 125, 129, 125 S. Ct. 564, 567, 2004 160 L. Ed. 2d 519, 526, 2004 U.S. LEXIS 8273 (2004) see *Warth*, 422 U.S. at 500, 45 L. Ed. 2d 343, 95 S.Ct. 2197. Exceptions to

this standing requirement occur only when "the party asserting the right has a 'close' relationship with the person who possesses the right" and when "there is a hindrance to the possessor's ability to protect his own interests." *See Kowalski v. Tesmer*, 543 U.S. 125, 129-130 (2004).

In addition, "[b]ecause third-party beneficiary status constitutes an exception to the general rule that a contract does not grant enforceable rights to nonsignatories, . . . a person aspiring to such status must show with special clarity that the contracting parties intended to confer a benefit on him." *McCarthy v. Azure*, 22 F.3d 351, 362 (1st Cir. 1994). "A third party has standing to enforce … [a] contract [only] if it clearly appears from the contract that it was intended for his benefit; the mere fact that he would benefit from performance of the contract is insufficient." *Dominic v. Eurocar Classics*, -- S.E.2d --, No. A11A0628, 2011 WL 2697056, at *3 (Ga. App. July 13, 2011). In *Jenkins v. McCalla Raymer*, LLC, N.D. Georgia No. 10-cv-03732 (Aug. 31, 2011), the District Court rejected the challenge to the assignment and found that MERS could not have made any misrepresentations to the plaintiff through the assignment because the plaintiff is not a party to the assignment. Similarly, in this case Plaintiff is not a party to the assignment, and lacks standing to assert any alleged impropriety within the assignment.

In the case of *In re Alameda*, the debtor asserted the assignment of mortgage was invalid based on failure to comply with the terms of a pooling and servicing agreement. The bankruptcy court determined the debtor lacked standing to challenge the validity of the assignment since the debtor was not a third party beneficiary to the agreement and lacked standing to challenge or object to any breach of the terms of the agreement. 417 B.R. 140 (Bankr.D.Mass.2009). In a case with similar issues, the U.S. Bankruptcy Appellate Panel for the First Circuit agreed with the reasoning of Judge Feeney's in the above *Almeida* decision by noting that "[t]he Debtors asked the [lower] bankruptcy court to declare the mortgage assignment invalid based upon non-compliance with the provisions of the [Pooling and Servicing Agreement (PSA)] – a contract to which they were not a party – and to declare the state court foreclosure invalid on that basis … the Debtors are not parties, nor have they demonstrated that they were third-party beneficiaries of the PSA's terms." *Correia v. Deutsche Bank Nat'l Trust Co., as Trustee*, --- B.R. ---, 2011 WL 2937841 (1st Cir. B.A.P. Jun. 30, 2011). Further, "The court is restrained from hearing cases in which "the litigant [] asserts the rights and interests of a third party and not his or her own. [citing to *Benjamin v. Aroostook Medical Center, Inc.*, 57 F.3d 101, 104 (1st Cir. 1995); *see also Sentinal Trust Co. v. Newcare Health Corp. (In re Newcare Health Corp.)*, 244 B.R. 167,

170 (B.A.P. 1st Cir. 2000) ("The burden of alleging facts necessary to establish standing falls upon the party seeking to invoke the jurisdiction of the court.").]"

Other circuits and courts have also reached the same conclusion. Mortgage debtors lack standing to challenge the chain of title under the contracts by which the assignments were allegedly made. When, as here, the borrowers are not parties to the assignment contracts, courts decline to find that an attempted foreclosure is invalid or otherwise grant relief. *Schieroni v. Deutsche Bank Nat'l Trust Co.*, 2011 U.S. Dist. LEXIS 92595 at 17 citing *In re Correia*, ___ B.R. ___, 2011 Bankr. LEXIS 2461, 2011 WL 2937841, at *3-4 (B.A.P. 1st Cir. June 30, 2011) (citing *In re Almeida*, 417 B.R. 140, 149 n. 4) *Bittinger v. Wells Fargo Bank NA,* 744 F. Supp. 2d 619, 625-26 (S.D. Tex. 2010); *cf. Livonia Property Holdings, L.L.C. v. 12840-12976 Farmington Road Holdings, L.L.C.*, 717 F. Supp. 2d 724, 748, 2010 U.S. Dist. LEXIS 58601 (E.D. Mich. 2010), *aff'd*, 399 F. App'x 97, 2010 U.S. App. LEXIS 22764 (6th Cir. 2010) (6th Cir. Mich., *aff'd.*, 2010); *cert denied* 2011 U.S. Lexis 2242 (2010). See also *In re Smoak*, 2011 Bankr. LEXIS 3621 at 20 (Bankr. S.D. Ohio Sept. 28, 2011); *Cosajay v. Mortgage Electronic Registration Systems, Inc.*, no. 10-442 (D.R.I., June 23, 2011)(J. Martin).

In *Livonia Property Holdings*, the court determined that the validity of the assignments of the mortgage or the negotiations/transfers of the promissory note do

not affect whether the borrower owes its obligations, but only to whom the borrower is obligated. (citing *Bowles v. Oakman*, 246 Mich. 674, 225 N.W. 613 (1929) (the maker of the note may not attack the validity of a transfer of that note; the maker of a note cannot, in an action brought against him, litigate questions that properly arise only between the holder and his immediate endorser. *Id*. at 225 N.W. at 614.) In a subsequent Opinion and Order denying the Plaintiff's Motion for Reconsideration, the *Livonia* court responded to contentions that the parties may not have complied with the provisions of the Pooling and Servicing Agreement noting:

> The [foreclosure by advertisement] statute did not create a system inviting mortgagors to delve into the business dealings of their lenders to determine their compliance with all of their contractual obligations. It offers certain protections to mortgagors, sufficient to ensure they are not at risk of competing claims. And it offers certain protections to purchasers at a foreclosure sale so that they may purchase a clean title. Thos protections are satisfied in this case . . . regardless of what contracts exist between which entities, Plaintiff was not and is not a party to <u>any</u> of those contracts (including the assignments), and lacks standing to challenge their validity or the parties' compliance with those contracts here.

(emphasis in original). *Livonia Property Holdings v. 12840-12976 Farmington Road Holdings,* #10-cv-11589, Dkt. 30, (E.D.Michigan, June 14, 2010). The same can be said of the case at hand. The foreclosure system in Georgia is similar to that of Michigan and Plaintiff lacks standing to avoid foreclosure based on

allegations related to a contract to which she is not a party or intended beneficiary. A similar conclusion was also reached in *Cosajay v. Mortgage Electronic Registration Systems, Inc.*, No. 10-442 (D.RI., June 23, 2011) (J. Martin) where the validity of the assignment by MERS was challenged on several grounds. It was noted in that case: "Plaintiff granted the mortgagee both the right to assign the mortgage and the right to foreclose upon default. Whether a subsequent assignee enforces the right to foreclosure of the original mortgagee, Plaintiff will not be harmed so long as she was in default." *Id*. Similarly here, if the Plaintiff were not in default, none of these issues would have been raised.

Plaintiff's entire Complaint hinges on the alleged violation of a contract to which she is not a party and therefore, she lacks standing to assert any action based on improprieties within the performance of that contract. Further, Plaintiff fails to allege how the facts pled would amount to a right of action under the GDTPA, which is the only cause of action alleged. As such, Plaintiff's claims are futile and the Amended Complaint should not be allowed.

**IV. Plaintiff's Allegations of Violation of the Consent Judgment Also Fail as a Matter of Law, and Amendment would be Futile.**

Plaintiff asserts that the Defendant violated an Agreement with the Attorneys General of forty nine states, and as such, she is entitled to damages. Proposed Amended Complaint ¶¶ 30-37. However, Plaintiff lacks standing to

assert this claim as well. As noted above, the U.S. Supreme Court has held that a party must assert his own legal rights and interest, and cannot rest of the rights or interests of a third party. *Warth*, 422 U.S. at 499. Exceptions to this standing requirement occur only when "the party asserting the right has a 'close' relationship with the person who possesses the right" and when "there is a hindrance to the possessor's ability to protect his own interests." *See Kowalski*, 543 U.S. at 129-130.

Further, "[b]ecause third-party beneficiary status constitutes an exception to the general rule that a contract does not grant enforceable rights to nonsignatories, . . . a person aspiring to such status must show with special clarity that the contracting parties intended to confer a benefit on him." *McCarthy*, 22 F.3d at 362. "A third party has standing to enforce … [a] contract [only] if it clearly appears from the contract that it was intended for his benefit; the mere fact that he would benefit from performance of the contract is insufficient." *Dominic* -- S.E.2d --, No. A11A0628, 2011 WL 2697056, at *3.

Plaintiff seeks to enforce a contract to which she was not a party, simply because it would benefit her. However, she has no standing to assert this claim, and has failed to plead she is an intended third party beneficiary of the Consent Judgment she seeks to enforce. Further evidence of the lack of standing is shown

by the relief Plaintiff seeks, including a request the Court enter an Order allowing the State to terminate the Consent Judgment with Defendant and an attempt to recover on behalf of municipalities and other homeowners who were harmed by Defendant's alleged actions. Clearly, the State, other municipalities and other homeowners are not parties to this action, and yet Plaintiff appears to allege she can assert claims on their behalf. Based on the fact that Plaintiff has no standing, she cannot seek to enforce this contract and entering the Amended Complaint would be futile since this is not a legally valid theory of recovery. In addition, Plaintiff fails to allege how the facts amount to a cause of action under the GDTPA, the only cause of action she asserts. As such, the Motion to Amend should be denied.

For the reasons stated above, Defendant respectfully requests Plaintiff's Amended Motion for Leave to File Amended Complaint be denied.

This 21st day of November, 2011.

/s/ Andrew G. Phillips

Andrew G. Phillips
Georgia Bar No. 575627
McGuireWoods LLP
1230 Peachtree Street, N.E.
Promenade II, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5724 (telephone)
(404) 443-5773 (facsimile)

aphillips@mcguirewoods.com

*Attorneys for Defendant Bank of America, N.A.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANET HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:11-CV-02991-JOF |
| | ) | |
| BANK OF AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE, FONT AND MARGIN**

I hereby certify that on November 21, 2011, I electronically filed the foregoing *Response in Opposition to Plaintiff's Amended Motion for Leave to File Amended Complaint* with the Clerk of the Court using the CM/ECF System, which sent notification of such filing to all counsel of record.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

/s/ Andrew G. Phillips
Andrew G. Phillips