**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| Janet Hill, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 1:11-cv-02991-JOF |
| Bank of America, Inc., | : | |
| Defendant. | : | |

**ORDER**

This matter is before the court on Bank of America's motion to dismiss [2]; Plaintiff's motion for leave to file amended complaint [7]; and Plaintiff's motion to amend complaint and for leave to file amended complaint [12].

## I. Background

Plaintiff, Janet Hill, represented by counsel, filed suit against Defendant Bank of America, Inc., on July 29, 2011, in the Superior Court of Fulton County. Defendant removed the suit to this court on September 7, 2011. Plaintiff asserts generally that she obtained a mortgage from Countrywide Home Loan on October 5, 2005, in the amount of $464,000. The loan was later sold to Bank of America. At some point in 2009, Plaintiff was made aware of the federal mortgage relief program called Making Home Affordable Program. Plaintiff applied for the program in June 2009, but instead of lowering her

mortgage payments, Bank of America's offer to her upon completion of the application would have raised her mortgage payments. *See* Cmplt., ¶ 4. Plaintiff received correspondence from Bank of America in January 2010 that she was delinquent on her payments and that her house would be foreclosed in March 2010. *Id.*, ¶ 14.

Plaintiff states that she submitted a Qualified Written Request in October 2010, but that has not been "completely resolved" so she does not know the amount of the loan. *Id.*, ¶ 5. On October 18, 2010, Plaintiff received a letter stating "thank you [f]or participating in [the] loan modification process" and thereafter Plaintiff called for months and did not receive a response. *Id.*, ¶ 6.

In February 2011, Plaintiff submitted a second application for loan modification and was denied on March 3, 2011, because certain documents were not received. *Id.*, ¶¶ 7-8. Plaintiff filed an appeal. *Id.*, ¶ 9. She received an email on March 21, 2011, that the loan was in underwriting. *Id.* ¶ 10.

"On May 3, 2011, Plaintiff requested to confirm default amount $511,000. Notice foreclosure anticipated." *Id.*, ¶ 11. (The court has quoted that paragraph as it appears in the complaint.) On May 9, 2011, Plaintiff learned from a customer service representative that the loan modification was in "its final stage for Trial Payment Notification." *Id.*, ¶ 12. On May 12, 2011, Bank of America confirmed to Plaintiff the sale date and that the status of the loan modification program was "waiting for Trial Payment." *Id.*, ¶ 13. (Although

Plaintiff alleges in her complaint that this letter is attached as an exhibit, no exhibits were attached to Plaintiff's complaint.)

Plaintiff contends that the "offer to Plaintiff to modify the loan was accepted when she submitted her application. BOA had an obligation to promptly attend to it and to guide Plaintiff through the process. When she was told not to make the December and January payments, which was contrary to the plan, BOA breached the contract between the parties." *Id.*, ¶ 15.

Plaintiff's complaint does not contain a "Count One," but Count Two is listed as "deceptive trade practice." *Id.*, ¶¶ 16-21. Under Count Two, Plaintiff complains that Defendant refused to honor its promises because officials told Plaintiff she was approved for modification and that her paper work was being forwarded to underwriting for final approval. *Id.*, ¶ 17. She also avers that Defendant bargained with Plaintiff in bad faith because it received her paper work and cooperation but "engaged in a two-tier policy unbeknownst to the Plaintiff." *Id.*, ¶ 18. Plaintiff also complains that Defendant has lost paper work and has not responded to Plaintiff. *Id.*, ¶¶ 19-20. Plaintiff accepted assurances from Defendant that foreclosure would not take place and so she did not consider other options like bankruptcy. *Id.*, ¶ 21.

Shortly after the case was removed, Defendant filed the instant motion to dismiss under Federal Rule of Civil Procedure 8(a) stating that Plaintiff's complaint failed to provide

a short, plain statement of her claims. Defendant also argues that even if she alleged a breach of contract claim, it would fail because she has alleged only oral contracts and any contract regarding land must be in writing under Georgia's Statute of Frauds. Further, Defendant argues that Georgia's Fair Business Practices Act does not apply to residential mortgage transactions.

The court admits some sympathy with Defendant's position. Plaintiff's complaint is not a model of clarity and is replete with incomplete sentences and ambiguous references. The prime example of this is the failure to denote a Count One of the complaint or identify by statute or otherwise which "deceptive trade practices" Plaintiff believes were engaged in by Defendant. Additionally, Plaintiff's factual recitation does not appear to flow in chronological order.

Plaintiff filed a short response to Defendant's motion in which she contends that her complaint alleges Defendant had a "willful and intentional failure to perform as promised" and that Defendant's "pattern and practice of deceptive conduct" is actionable under Georgia's Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-371 *et seq*. Citing Georgia law, Plaintiff also argues that the court should construe her complaint as to do "substantial justice."

Shortly thereafter, Plaintiff filed a motion to amend her complaint in which she states that she believes an amended complaint would "conform to the evidence and better assist

the Court in making a just and fair decision." She also states that she has attached a proposed Amended Complaint. However, Plaintiff's motion to amend does not contain any attachments. Defendant opposes the motion because of Plaintiff's failure to attach a proposed amended complaint and because any amendment would be dilatory and futile.

Plaintiff then filed yet another motion to amend her complaint. This time, she did attach a proposed amended complaint. Plaintiff's proposed amended complaint purports to add perhaps eight Defendants to the case which Plaintiff characterizes as a "pattern and practice of deceptive conduct" in violation of Georgia's Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-137 *et seq.*

**II. Discussion**

The court has reviewed Plaintiff's proposed amended complaint. The first five paragraphs of the complaint contain sweeping generalizations about the sufficiency of the mortgage servicing operations of the proposed defendants, purportedly based on "interviews" with "former employees" and a "review" of "relevant documents." In addition to complaints about the processing of loan modification applications, Plaintiff appears to raise violations of the Fair Credit Reporting Act and general allegations that the group of defendants did not have authority to foreclose on homes.

The next 25 paragraphs of Plaintiff's proposed amended complaint are a wide-ranging discussion of Countrywide's struggles and eventual acquisition into Bank of



AO 72A
(Rev.8/82)

America, including the pooling and securitization of Countrywide loans in the secondary market. Plaintiff refers to litigation in other courts and an investigative report by CNN. Plaintiff also refers to litigation by the New York Attorney General and a consent judgment entered on October 9, 2009, by Bank of America with some 40 states.

Plaintiff's proposed amended complaint makes not one specific allegation about Plaintiff, Janet Hill, and what happened to her loan or her application to the loan modification program. Rather, Plaintiff asks for a "declaratory judgment" that Defendant's "operation of their loan modification . . . program" violates Georgia' Deceptive Trade Practices Act and an injunction barring Defendant from continuing to violate the Act in the future. Plaintiff seeks civil penalties under the Act and asks the court to issue an order allowing the "State" (presumably Georgia) to terminate its Consent Judgment with Defendants because they have materially breached the terms of the Consent Judgment. Plaintiff further asks the court to declare that Countrywide's loan origination practices violate Georgia's Deceptive Trade Practices Act and that Defendants be ordered to cover costs incurred by municipalities and other homeowners due to vacant foreclosed properties. Plaintiff also asks the court to order Defendants to pay restitution under the Consent Judgment.

The court hardly knows where to start. Plaintiff's original complaint began as taking issue with the manner in which Defendant operated the loan modification program. The



AO 72A
(Rev.8/82)

court has seen some complaints which successfully allege causes of action with respect to various mortgage modification programs and other complaints that do not survive the motion to dismiss stage. It is clear, however, that Plaintiff's initial complaint was wholly insufficient in the manner in which it pled facts and alleged causes of action.

Plaintiff never attached an amended complaint to her first motion to amend complaint. The proper method of requesting leave to amend a complaint is to file a motion that either contains the substance of the proposed amendment or attaches that amendment to the motion. *See Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). Plaintiff has done neither. Such a failure to properly move for leave to amend a complaint, when Plaintiff had ample time to do so, is grounds for denial of that request. *Id.* at 1279-80. *See also United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361-62 (11th Cir. 2006) (plaintiff "must either attach a copy of the proposed amendment to the motion or set forth the substance there").

Finally, Plaintiff's latest motion to amend her complaint did attach a proposed amended complaint, but it is no more comprehensible than her first two complaints. In light of the fact that Plaintiff has been represented throughout the litigation, the court finds that the course of action that will best serve judicial economy is to grant Plaintiff's motion to amend her complaint and then consider Defendant's arguments on its motion to dismiss with respect to Plaintiff's Amended Complaint filed at Docket Entry [12]. Based on Plaintiff's



AO 72A
(Rev.8/82)

counsel's first three efforts at drafting a complaint, the court has no reason to believe that any additional opportunity to amend would be more fruitful.

The most significant omission from Plaintiff's Amended Complaint is her failure to allege any specific acts taken by Defendants with respect to Plaintiff's particular mortgage. As the court explained above, Plaintiff's Amended Complaint is primarily an opinion piece on the current status of the mortgage industry. Obviously, there are no causes of action contained in that discussion and thus, no legal basis for the court to order any relief, including Plaintiff's requests that Defendants be ordered to cover the costs incurred by municipalities and other homeowners due to vacant or foreclosed properties. For the same reason, Plaintiff does not provided any basis in her Amended Complaint to add the seven additional parties she purports to now list as Defendants. Further, because Plaintiff does not specify which acts any individual Defendant may have taken, but rather simply lumps "Defendants" together as a group, Plaintiff's Amended Complaint also suffers as an example of shot-gun pleading. This deficiency is made even more egregious by the fact that Plaintiff does not set forth any particular "counts" or causes of action in her Amended Complaint.

Plaintiff refers to a Consent Decree signed by unspecified parties in 2009 and alleges various ways in which Defendants have breached this Consent Decree. The court, however, has no jurisdiction to enforce a Consent Decree signed in a different court. Nor is there any

reason in this litigation to direct the State of Georgia to terminate the consent judgment purportedly reached with Defendants in a different proceeding.

Plaintiff does specifically mention Georgia's Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-370 *et seq.* in her Amended Complaint. Plaintiff appears to aver that the violations of the Consent Decree constitute violations of Georgia's Deceptive Trade Practices Act. The court does not agree that violations of a consent decree would be cognizable under the Deceptive Trade Practices Act. In any event, injunctive relief is the only remedy available under Georgia's Uniform Deceptive Trade Practices Act. *See, e.g.*, *Catrett v. Landmark Dodge, Inc.*, 253 Ga. App. 639, 644 (2002) (affirming summary judgment against plaintiff where no factual question raised about likelihood of future wrong). Thus, any injunction is for the purpose of preventing future wrongs and "does not afford a remedy for what is past." *Id.* Plaintiff's allegations as to her problems with the loan modification program related to what has happened in the "past" and would not be the appropriate topic of forward-looking injunctive relief. Therefore, even if Plaintiff's Deceptive Trade Practices Act claims extended beyond her Consent Decree allegations, there would be no remedy available.

To the extent that any kernel of a cause of action remains in Plaintiff's Amended Complaint, it appears to deal with actions taken by unspecified Defendants with respect to modifications to her mortgage. Plaintiff does not allege any specific written contract to



AO 72A
(Rev.8/82)

modify her mortgage, nor does she attach to her complaint any loan modification agreement. Thus, the court cannot construe that Plaintiff is asserting a breach of written contract claim.

Plaintiff could be attempting to raise a fraud or breach of verbal agreement claim, however, under Georgia law, "any commitment to lend money" must be in writing according to the Statute of Frauds. *See, e.g.*, *Stedry v. Summit Nat'l Bank*, 227 Ga. App. 511, 514 (1997); O.C.G.A. § 13-5-30(7). Further, oral and unwritten agreements regarding interests in land are unenforceable under Georgia's Statute of Frauds. *See, e.g.*, *Kabir v. Statebridge Co., LLC*, 2011 WL 4500050 (N.D. Ga. Sept. 27, 2011) (Duffey, J.) (specifically noting foreclosure forbearance agreements); *James v. Safari Enters., Inc.*, 244 Ga. App. 813 (2000); *Allen v. Tucker Fed. Bank*, 236 Ga. App. 245 (1998). This includes a commitment to forbear from initiating foreclosure proceedings, as Plaintiff mentions in her Amended Complaint. Therefore, any allegations Plaintiff might have raised about promises not to foreclose or promises to modify mortgage payments – even if true – were not enforceable at the time they were made because Plaintiff has not alleged that any of those promises were in writing.

Plaintiff might also be attempting to raise issues with the validity of the assignment of her mortgage. Plaintiff, however, has no standing to challenge the assignment because she was not a party to the assignment. *See, e.g.*, *Livonia Property Holdings, LLC v. 12840-*

*12976 Farmington Road Holdings, LLC*, 717 F. Supp. 2d 724, 748 (E.D. Mich. 2010), *aff'd*, 399 Fed. Appx. 97 (6th Cir. 2010).

For all of the foregoing reasons, the court GRANTS Defendant's motion to dismiss Plaintiff's complaint [2].

**III. Conclusion**

The court GRANTS Bank of America's motion to dismiss [2]; DENIES Plaintiff's motion for leave to file amended complaint [7]; and GRANTS Plaintiff's motion to amend complaint and for leave to file amended complaint [12].

The Clerk of the Court is DIRECTED to DISMISS WITH PREJUDICE Plaintiff's complaint.

**IT IS SO ORDERED** this 28th day of February, 2012.

S/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE



AO 72A
(Rev.8/82)